UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FLOR I.S.,

Petitioner,

v.

PAMELA BONDI, Attorney General; DAREN K. MARGOLIN, Director for Executive Office for Immigration Review; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement,

Respondents.

Case No. 26-CV-0701 (PJS/DTS)

ORDER

---

David L. Wilson, WILSON LAW GROUP, for petitioner.

Friedrich A. P. Siekert and Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Flor I.S.'s petition for a writ of habeas corpus.[1] Flor, a citizen of Guatemala, entered the United States without

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by her first name and last initials.

inspection in February 2023. V. Pet. ¶¶ 14, 27–28. Flor was arrested and detained in Minnesota by Immigration and Customs Enforcement ("ICE") without a warrant on January 27, 2026, while she was in a car traveling to work. V. Pet. ¶ 31–32.

Within two hours of her arrest, Flor filed this habeas action. ECF No. 6 at 2. Respondents did not file a motion to dismiss or transfer Flor's petition, but they nevertheless assert—without evidentiary support—that "this Court never obtained subject matter jurisdiction over this habeas case" because Flor was detained in Texas at the time her petition was filed. ECF No. 5 at 2. Alternatively, respondents contend that Flor is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a). Neither argument withstands scrutiny.

*A. Jurisdiction*

Ordinarily, only "the district of confinement" has jurisdiction to consider a habeas petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). But "when the Government moves a habeas petitioner *after* she properly files a petition . . . , the District Court retains jurisdiction." *Id.* at 441 (emphasis added).

Sometime during the morning of January 27, 2026, Flor was detained while traveling to work. ECF No. 6 at 1–2. Flor's counsel was notified that Flor had been detained at approximately 9:55 am, and Flor's habeas petition was filed by 11:38 am.

ECF No. 6 at 1. This Court entered its Order to Show Cause enjoining any movement of Flor outside of Minnesota roughly 30 minutes later, at 12:17 pm. ECF No. 6 at 1; ECF No. 3.

Respondents appear to agree with Flor that she was arrested and transferred to Texas on January 27, the same day that she filed her petition. *See* ECF No. 5 at 1–2.[2] Respondents also do not dispute (at least not directly) Flor's allegation that "[t]his matter was on file with the Court in less than two hours after the detention," ECF No. 6 at 3, which means that Flor was detained at roughly 9:30 am. Yet respondents claim that Flor was *in Texas* by 11:38 am, which cannot be true. It is simply not possible for respondents to detain a person at roughly 9:30 am, bring her to an ICE processing center, process her, transport her (and others) to the airport, load her (and others) onto a plane, taxi, and fly roughly three hours to El Paso—all by *11:38 am*.

Based on the record before it, the Court finds that Flor was not transferred to Texas until after her habeas petition was filed. The Court will therefore exercise jurisdiction over this matter.

---

[2]The Court states that respondents *appear* to agree because their submission provides conflicting information. Respondents first state that ICE detained Flor on January 27, 2026 and that she was transferred to El Paso "[t]hat same day." ECF No. 5 at 1–2; *see also id.* at 3 (alleging "this petition in this case was filed on January 27, 2026"). This is consistent with Flor's account. Elsewhere, though, respondents identify January 21, 2026 as the filing date and assert that Flor "has been in El Paso since January 17, 2026." ECF No. 5 at 2 n.3. The Court assumes that these latter statements were inadvertent errors committed by overwhelmed attorneys.

*B. Mandatory or Discretionary Detention*

The remainder of respondents' answer repeats the now-familiar position that Flor is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a). This position reflects both new and interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States. *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 291 I.&N. Dec. 216, 229 (BIA 2025).

The Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them. *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025). Respondents concede that this case is not materially distinguishable from *Santos M.C.* and instead argue that *Santos M.C.* was wrongly decided. Although respondents' argument has some force, the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Flor, who entered without inspection and are already present and living in the United States.[3] The Court therefore holds that Flor is not subject to mandatory detention under § 1225(b)(2).

---

[3]The Court notes that respondents' arguments to the contrary are preserved for appeal. *See* ECF No. 5 at 4.

As to remedy: The Court agrees with Judge Tostrud's analysis in *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026), that an arrest warrant is a prerequisite to detention under § 1226(a). *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.") (emphasis added). Flor alleged in her verified petition that her arrest was warrantless, *e.g.*, V. Pet. ¶¶ 2, 12, 32; ECF No. 6 at 3–4, and respondents have not argued otherwise or presented evidence to the contrary. *See generally* ECF No. 5. The Court will therefore grant Flor's petition and order her immediate release.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

2. The Court DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

3. Respondents are ORDERED to release petitioner from custody immediately. If petitioner has been removed from Minnesota, respondents must immediately return petitioner to Minnesota.

4. The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 2, 2026

/s Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court